UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD M. SPILLMAN,

                                 Plaintiff,         **REPORT AND**

v.                                                 **RECOMMENDATION**

RYAN MURPHY and                              16-CV-00437-LJV-JJM
DEBORAH MURPHY,

                                 Defendants.
_____

## INTRODUCTION

This action has been referred to me by Hon. Lawrence J. Vilardo for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [5].[1] Before me is plaintiff's motion to remand this action to State of New York Supreme Court, County of Niagara [3]. Oral argument was held on July 25, 2016 [9]. For the following reasons, I recommend that the motion be denied.

## BACKGROUND

Plaintiff commenced this action in State of New York Supreme Court, County of Niagara on May 12, 2015, seeking to recover damages for personal injuries allegedly sustained in an automobile accident on September 29, 2013. Summons and Complaint [1-2]. On June 2, 2015, he filed an Amended Complaint [1-3]. The Summons and Amended Complaint were served on defendant Deborah Murphy in August 2015 [1-6]; however, codefendant Ryan Murphy was not served until May 6, 2016 [1-11].

Deborah Murphy filed a Notice of Removal on September 16, 2015, alleging diversity of citizenship as the basis of federal subject matter jurisdiction [7-1]. In that Notice, she

---

[1]       Bracketed references are to CM-ECF docket entries.

alleged that "[u]pon information and belief, Defendant Ryan M. Murphy has not been properly served with a copy of the Summons and Complaint in this action and therefore his consent to removal is not required pursuant to 28 U.S.C. §1446(b)(2)(A). However, Defendant Ryan M. Murphy has provided consent to remove the subject action". Id. ¶9. In response to that Notice of Removal, plaintiff moved to remand the action to state court. Finding that the Notice of Removal was untimely, I recommended that the motion for remand be granted [3-9]. That recommendation was adopted by District Judge Richard J. Arcara on January 12, 2016 (15-CV-829 [13]).

However, after having been served with the Amended Complaint on May 6, 2016, defendant Ryan Murphy filed a Notice of Removal on May 31, 2016 [1-11], again alleging diversity of citizenship. In moving to remand, plaintiff argues that because Ryan Murphy allegedly consented to the Notice of Removal previously filed by Deborah Murphy, he is barred from seeking removal at this time (plaintiff's Memorandum of Law [3-13] pp. 3-8), and that Deborah Murphy is barred from removal because her previous Notice of Removal resulted in a remand. Id., p. 9.

## ANALYSIS

In support of his motion for remand, plaintiff argues that a defendant who has consented to another defendant's earlier unsuccessful removal petition is barred from later seeking removal on his own behalf. Plaintiff's Memorandum of Law [3-13], p. 5, *citing* Ortiz v. City of New York, 2013 WL 2413724 (S.D.N.Y. 2013). Ortiz held, as a matter "of first impression", that "a party that had not been served at the time of the original notice of removal but nonetheless *expressly consented* to that removal" was barred from subsequently filing its

own removal notice. Id., *1 (emphasis added). In that case, the attorney for the consenting party filed an affidavit stating that he represented the consenting party and that his client consented to the removal. *See* Ortiz docket (S.D.N.Y., 13-cv-136, [1-6], ¶¶1, 3).

Here, by contrast, although Deborah Murphy's Notice of Removal, signed by counsel, stated that Ryan Murphy "has provided consent to remove the subject action" ([7-1], ¶9), plaintiff has not demonstrated that counsel represented Ryan Murphy at the time that statement was made.[2] While "statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney", United States v. McKeon, 738 F.2d 26, 30 (2d Cir. 1984), "a lawyer cannot bind his client prior to his becoming or being retained to become the attorney of record in a litigation". Starrett Corp. v. Fifth Ave. & Twenty-Ninth St. Corp., 1 F. Supp. 868, 876 (S.D.N.Y. 1932).

In any event, 28 U.S.C. §1446(b)(2)(B) clearly states that "[e]*ach* defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal" (emphasis added). If "strict construction of the right of removal . . . makes good sense" (Ortiz, *2), then the statute should be interpreted to mean what it says.[3] The word "each" means "every one" (http://www.merriam-webster.com/dictionary/each), not "every one except those who have previously consented". "[N]owhere . . . has Congress indicated that the unadorned words of [the statute] are in some way limited by implication. It would be dangerous in the extreme to infer that a case for which the words of an instrument expressly provide, shall be exempted from its operation." Connecticut National Bank v. Germain, 503 U.S.

---

[2] Although Ryan Murphy submitted an Affidavit in connection with that removal (15-cv-829 [9-1]), that Affidavit dealt only with his domicile, and did not expressly state that he consented to the removal.

[3] "Our starting point in statutory interpretation is the statute's plain meaning . . . . If the meaning is plain, the inquiry ends there." United States v. Rowland, ___F.3d___, 2016 WL 3361542, *3 (2d Cir. 2016).

249, 254 (1992). *See also* Linea Area Nacional de Chile S.A. v. Meissner, 65 F.3d 1034, 1040 (2d Cir. 1995) ("whether an exception should be created is a question for legislative rather than judicial judgment"); United States v. Simon, 146 F. 89, 93 (W.D. Wash. 1906) ("[t]he court is not authorized to revise . . . statutes and amend them by ingrafting exceptions and provisos either to correct supposed inadvertent errors or to overrule the will of the legislative branch of the government").

Therefore, notwithstanding Ortiz, I conclude that 28 U.S.C. §1446(b)(2)(B) would allow Ryan Murphy to seek removal at this time even if he *had* expressly consented to Deborah Murphy's prior Notice of Removal.

Plaintiff next argues that "assuming *arguendo* that this Court finds that defendant Ryan Murphy is entitled to remove this action . . . Deborah Murphy cannot simply ride his coattails to federal court by consenting to her codefendant's removal". Plaintiff's Memorandum of Law [3-13], p. 9. However, plaintiff cites no authority for this proposition, and the available authority is to the contrary. *See* Piacente v. State University of New York at Buffalo, 362 F. Supp. 2d 383, 387 (W.D.N.Y. 2004) (Elfvin, J.) ("a [first-served] defendant who fails to timely remove an action may nonetheless consent to timely removal by a later-served defendant"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n. 3 (6th Cir. 1999) ("a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove"). Therefore, Deborah Murphy's prior failed attempt at removal does not bar her from consenting to removal by Ryan Murphy.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to remand [3] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by August 15, 2016 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 28, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge