UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Richard M. Spillman,

        Plaintiff,

v.

Ryan M. Murphy and
Deborah Murphy,

        Defendants.
_____

16-CV-437
Decision and Order

        The plaintiff, Richard Spillman, commenced this action in New York State Supreme Court, seeking to recover damages for personal injuries resulting from an automobile accident on September 29, 2013. Docket Item 10 at 2. Ryan Murphy ("Ryan"), one of the defendants, was first served with process on May 6, 2016. *Id.* Based on diversity of citizenship, Ryan filed a notice of removal to this Court on May 31, 2016. *Id.* Spillman then moved to remand, arguing that Ryan had consented to a prior notice of removal by his codefendant and mother, Deborah Murphy ("Deborah"). *Id.*

        On July 28, 2016, United States Magistrate Judge Jeremiah J. McCarthy issued a Report and Recommendation ("R&R"), finding that Spillman's motion to remand should be denied. After Spillman objected, this Court heard oral argument on September 26, 2016. Additional briefing was requested and submitted in October 2016. Having now considered the R&R, the objections, and the additional briefing, this Court adopts Judge McCarthy's R&R and denies the plaintiff's motion to remand.

## BACKGROUND

In August 2015, Spillman served the summons and amended complaint on one of the two defendants, Deborah. Docket Item 10 at 1. After she was served, Deborah filed a notice of removal based on diversity of citizenship. *Id.* Her attempt to remove her case to federal court, however, was untimely and thus unsuccessful. 15-CV-829 Docket Items 12 and 13.

Ryan, on the other hand, was not served with process until May 6, 2016. Docket Item 10 at 2. He filed a timely notice of removal twenty-five days later, asserting this Court's jurisdiction based on diversity of citizenship. *Id.* Spillman contests Ryan's removal, arguing that because Ryan consented to the initial—and unsuccessful—removal attempted by Deborah, Ryan's removal is barred and the case must proceed in state court.

## DISCUSSION AND ANALYSIS

The process of removing a case to federal court from state court is governed by 28 U.S.C. Section 1446. Under that statute, "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). In interpreting the most perplexing clause of the statute—"or otherwise"—the Supreme Court has concluded that the language was intended to accommodate varying state filing procedures, and not to offer an end run around the requirement of formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) ("Nothing . . . hints that Congress . . . intended to dispense with the historic function of

service of process as the official trigger for responsive action by an individual . . . .").[1] Therefore, a defendant's time to remove is triggered by service of process. *See id.* That there are multiple named defendants here does not change the trigger. In fact, a later section of the removal statute makes that explicit: "Each defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

The Second Circuit has adopted the "later-served rule," with each defendant's thirty-day removal clock independent of that of the first-served defendant. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012). In other words, a defendant who is later served is not bound by the thirty-day removal deadline for the defendant who was initially served. Rather, because the plain text of the statute affords each defendant thirty days to remove, each defendant has thirty days from the date he, she, or it is formally served to file a timely notice of removal. *See id.* at 65. Here, because Ryan removed within that thirty-day period, his removal is timely.

Citing *Ortiz v. City of New York*, 2013 WL 2413724 (S.D.N.Y. 2013)—an unreported case of first impression—Spillman argues that the determinative factor in this case is Ryan's express consent to Deborah's initial removal notice, Docket Item 3-13 at 5-7. But in *Ortiz*, the consenting party was represented by counsel who filed an affidavit stating that his client consented to the removal. Affidavit of Consent to Removal, Docket Item 1-7 at 1, *Ortiz v. City of New York*, 2013 WL 2413724 (S.D.N.Y. 2013).

---

[1] Indeed, "[i]n the absence of service . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy*, 526 U.S. at 350.

3

This case is different. Here, while Deborah's attorney consented to the attempted removal on Ryan's behalf, Ryan was not represented by that attorney when Deborah tried to remove the case. Indeed, Deborah's attorney now has sworn that he did not represent Ryan when the consent was filed. Docket Item 13 at 4-5. The attorney therefore could not consent on Ryan's behalf. *See Starrett Corp. v. Fifth Ave. & Twenty-Ninth St. Corp.*, 1 F. Supp. 868, 876 (S.D.N.Y. 1932). And the fact that the codefendants are mother and son makes no difference: Each defendant was entitled to counsel whose allegiance was to his or her client. *See United States v. Hernandez*, 2014 WL 4510266, at *3 (S.D.N.Y. Sept. 12, 2014).

Spillman also argues that even if Ryan's removal is timely, Deborah cannot "ride his coattails to federal court." Docket Item 3-13 at 9. But "a [first-served] defendant who fails to timely remove an action may nonetheless consent to timely removal by a later-served defendant." *Piacente v. State Univ. of New York at Buffalo*, 362 F. Supp. 2d 383, 387 (W.D.N.Y. 2004); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 623 (S.D.N.Y. 2004). And there is no reason grounded in law or logic to apply a different rule for those who unsuccessfully try to remove.

Deborah was served and made an untimely attempt to remove, but her son Ryan is not bound by her action regardless of whether he knew about the case or even about the notice of removal. Knowledge is not a substitute for service, and it is service that triggers a party's time to remove. Ryan was served on May 6, 2016, and so his clock

began to run from that date.  He filed a notice of removal twenty-five days after he was served.  His notice is therefore timely under 28 U.S.C. Section 1446(b)(2)(B) and (C).[2]

## CONCLUSION

For the reasons addressed above and in the R&R, this Court adopts Judge McCarthy's recommendation.  Docket Item 10.  The plaintiff's motion to remand is DENIED, and the case is referred back to Judge McCarthy consistent with the referral order.  See Docket Item 5.

SO ORDERED.

Dated:	September 29, 2017
	Buffalo, New York

	*s/Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE

---

[2] Under 28 U.S.C. Section 1446(c), a case that was not originally removable but that later becomes removable may not be removed more than one year after commencement of the action.  Although there is some dispute as to the interpretation of this provision of the statute, the statutory language suggests that it applies only to cases that were not originally removable.  In fact, the circuit courts to have addressed the issue have reached that very conclusion.  *See, e.g.*, *Brown v. Tokio Marine & Fire Ins. Co.,* 284 F.3d 871, 873 (8th Cir. 2002) (noting that three other circuit courts have interpreted the one-year limit to apply to only cases not originally removable).  Some district courts have disagreed, however.  *See, e.g.*, *Royer v. Harris Well Service*, 741 F. Supp. 1247, 1248 (M.D. La. 1990).  This Court agrees with the circuit courts that have considered the issue.  Moreover, because the issue was not raised by the parties, and because the Second Circuit would likely find this issue to be procedural, not jurisdictional, *see Hill v. Delta Intern. Machinery Corp.*, 386 F. Supp. 2d 427, 430 (S.D.N.Y. 2005); *see* also *Phoenix Global Ventured, LLC v. Phoenix Hotel Assoc.*, 422 F.3d 72, 75 (2d Cir. 2005), this Court cannot raise it sua sponte, *see Smith v. Mylan Inc.*, 761 F.3d 1042, 1045-46 (9th Cir. 2014).

The removal here is based on diversity jurisdiction and the case was removed more than a year after the action was filed in state court.  But the action was removable from the beginning, *see* 15-CV-829 Docket Items 12 and 13, and no party raised this issue.  Therefore, the one-year limit in Section 1446(c) does not apply and will not be further considered by this Court.